UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., ) ) ) Plaintiffs, ) ) vs. ) ) WILLIAM FRANKLIN GRIFFIN, JR., ) an individual, d/b/a ) GRIFFIN BROTHERS CONSTRUCTION, ) ) Defendant. ) | No. 4:07-CV-493 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting, following an entry of default against defendant William Franklin Griffin, Jr., d/b/a Griffin Brothers Construction. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are three employee benefit plans (the Pension, Welfare, and Vacation trusts), their trustees (collectively, the plans), and the Carpenters' District Council of St. Louis (the union). They seek an order compelling defendant to submit to an audit for the period of January 1, 2005, to the present.

According to the affidavit of Juli Laramie, an accountant for the plans, defendant failed to make timely contributions to the plans through the purchase of fringe benefit stamps as required under the terms of a collective bargaining agreement entered into on May 5, 2004. Defendant was served with the summons and complaint on March 24, 2007, and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against the defendant.

Plaintiffs move for an order compelling an accounting pursuant to Rule 55(b)(2), Fed.R.Civ.P., in order to determine the amount of damages. Plaintiffs have established that defendant is bound by the terms of a collective bargaining agreement with the Carpenters' District Council of Greater St. Louis. The agreement requires signatories to submit contributions to the funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default order to compel an accounting [#5] is **granted**.

**IT IS FURTHER ORDERED** that defendant William Franklin Griffin, Jr., d/b/a Griffin Brothers Construction, shall, not later than **July 9, 2007,** produce for inspection by plaintiffs all payroll registers and other documents reflecting or pertaining to all hours worked by and wages paid to employees of William Franklin Griffin, Jr., d/b/a Griffin Brothers Construction, from January 1, 2005 to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2007.